**Petition for Writ of Habeas Corpus Dismissed and Memorandum Opinion filed June 6, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-24-00390-CV**

---

**IN RE LISA SEARCY, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**306th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 22-FD-0345**

---

## MEMORANDUM OPINION

On May 30, 2024, relator Lisa Searcy filed a petition for writ of habeas corpus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Anne B. Darring, presiding judge of the 306th District Court of Galveston County, to return her children from the party to whom the trial court has awarded possession pursuant to temporary orders.

Intermediate courts of appeals have limited jurisdiction to issue writs of habeas corpus. This original jurisdiction does not encompass habeas corpus cases arising under the Family Code pertaining to the return of a minor child.[1] *See* Tex. Fam. Code § 157.371 (requiring a petition for writ of habeas corpus to be filed "in either the court of continuing, exclusive jurisdiction or in a court with jurisdiction to issue a writ of habeas corpus in the county in which the child is found"); *see also In re Cruz*, No. (Tex. App.—Corpus Christi–Edinburg July 21, 2023, orig. proceeding) (mem. op.) (citing cases). Here, relator has not shown that the relief she requests is authorized by § 22.221(d). *See In re Davis*, No. 01-14-00838-CV, 2014 WL 6068565, at *1 (Tex. App.—Houston [1st Dist.] Nov. 13, 2014, orig. proceeding) (per curiam). We lack jurisdiction to issue the requested relief.

Accordingly, we dismiss relator's petition for writ of habeas corpus for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Tracy Christopher and Justices Zimmerer and Poissant.

---

[1] Similarly, the Family Code does not authorize an appeal from the denial of a petition for a writ of habeas corpus under section 157.372 of the Family Code. *Ex parte G.R.G.*, No. 14-21-00152-CV, 2021 WL 1683695, at *1 (Tex. App.—Houston [14th Dist.] Apr. 29, 2021, no pet) (mem. op.) (citing *Maadani v. Ward,* 611 S.W.3d 460, 461 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (per curiam)). However, mandamus may lie to correct the erroneous denial of a habeas petition seeking possession of a child under Chapter 157 of the Family Code. *See id.*; *see also In re Kubankin*, 257 S.W.3d 852, 858 (Tex. App.—Waco 2008, no pet.); *In re deFilippi*, 235 S.W.3d 319, 322 (Tex. App.—San Antonio 2007, no pet.).